IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | PLAINTIFF |
| VS. | CIVIL ACTION NO. 3:13-CV-342 DPJ-FKB |
| WILLIAM S. WARE AND PAUL GEORGE BERNHEIM, JR. | DEFENDANTS |

**RESPONSE IN OPPOSITION TO MOTION TO STAY**

Travelers Casualty & Surety Company of America ("Travelers") submits its Response in Opposition to the Defendants' Motion to Stay and in support states the following:

### I.   INTRODUCTION

The Defendants argue that they are entitled to a stay of this action pending the outcome of the 5:11-CV-169-DCB-MTP action pending before Judge Bramlette. As set forth in their response to the Motion for Preliminary Injunctive Relief, the Defendants argue that they have a defense to this action due to their company, Mid State Construction Company, Inc. ("Mid State") signing an Additional Indemnitor Rider making it a party to a General Agreement of Indemnity signed by U.S. Coating Specialties & Supplies, LLC ("U.S. Coating") for the construction of the ERDC project for the construction of an office building and a computer center for the U.S. Army Corps of Engineers, Vicksburg District (the "Project") . The Defendants argue that this rider eliminated their personal indemnity obligations. This is clearly a legal issue for this Court to determine, and there is no need to stay this action pending the outcome of the 5:11-CV-169-DCB-MTP action.

### II.   FACTS

On or about July 28, 2009, in consideration of Travelers' agreement to issue payment and performance bonds on behalf of Mid State, Ware and Bernheim, each individually, along with

{JX068529.2}                                                                   1

their company, Mid State, jointly and severally, executed a General Agreement of Indemnity ("GAI") in favor of Travelers. *See* DE 1-1.  On or about March 31, 2010, Mid State advised Travelers that it was partnering with U.S. Coating to enable U.S. Coating to submit a proposal for the Project, and Mr. Ware, on behalf of Mid State, stated that any bonds issued by Travelers for the Project would be covered by the GAI ". . . we executed in favor of Travelers dated 7/28/09."  *See* DE 1-2.

With regard to the indemnity obligations, Paragraph 3 of the GAI provides:

> Indemnitors shall exonerate, indemnify and save [Travelers] harmless from and against all Loss. An itemized, sworn statement by an employee of [Travelers], or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability. Amounts due to [Travelers] shall be payable upon demand.

*See* DE 1-1 at ¶ 3.

With regard to obligation to furnish collateral security to Travelers, upon demand, the GAI provides:

> *Indemnitors agree to deposit with [Travelers], upon demand, an amount as determined by [Travelers] sufficient to discharge any Loss or anticipated Loss.*  Indemnitors further agree to deposit with [Travelers], upon demand, an amount equal to the value of any assets or Contract funds improperly diverted by any Indemnitor.  Sums deposited with [Travelers] pursuant to this paragraph may be used by [Travelers] to pay such claim or be held by [Travelers] as collateral security against any Loss or unpaid premium on any Bond.  [Travelers] shall have no duty to invest, or provide interest on, the deposit.  *Indemnitors agree that [Travelers] would suffer irreparable damage and would not have an adequate remedy at law if Indemnitors fail to comply with the provisions of this paragraph.*

*See* DE 1-1 at ¶ 5.

With regard to joint and several liability, the GAI provides:

> The obligations of the Indemnitors hereunder are joint and several.  [Travelers] is authorized to settle with any one or more of the Indemnitors individually, and without reference to the others, and any such settlements shall not bar or prejudice actions by [Travelers] against or affect the liability of the other Indemnitors hereunder.

*Id.* at ¶ 7.

To date, Travelers has incurred not less than $2,060,433.60 as set forth in the affidavit of Mrs. Roberta Ziv-Goldstein.  *See* DE 5-7.  Pursuant to the clear terms of the GAI, Travelers is entitled to the relief set forth in the GAI.

## II.     ARGUMENT

The Defendants' first argument is that this matter should be stayed because the relief sought in this action depends on the outcome of the 5:11-CV-169-DCB-MTP action and because Travelers must first succeed in the 5:11-CV-169-DCB-MTP action before it can succeed in this action.  The Defendants fail to set any set of facts or authority for the proposition that if one indemnitor is not liable then all other indemnitors are released from liability, and they also fail to set forth any facts supporting their argument that Travelers must first succeed against Mid State before proceeding against the individuals.  These arguments are also contradicted by the joint and several liability clause of the GAI.  *See* DE 1-1 at ¶ 7.  The joint and several liability clause allows Travelers to sue the Defendants in a separate action without regard to the liability of others.  *Dawson v. Townsend & Sons, Inc.*, 735 So. 2d 1131, 1135 (Miss. App. 1999). Moreover, the Defendants cite to no authority for the proposition that a determination of liability of one indemnitor must be accomplished before addressing the liability of other indemnitors. Defendants' arguments that the imposition of liability against Mid-State is a "predicate issue" to the imposition of liability against the Defendants is both unsubstantiated and unfounded. Defendants cite to no such law because it flies in the face of the very definition of joint and several liability.  In fact, the Restatement of Judgments provides, "A judgment against one person liable for a loss does not terminate a claim that the injured part may have against another person who may be liable therefor."  Restatement (Second) of Judgments § 49 (1982).  The comment states:

> When a person suffers injury as the result of the concurrent or consecutive acts of two or more persons, he has a claim against each of them . . . Correlatively, if judgment is rendered against him, he is barred from bringing a subsequent action against the obligor . . . . But the claim against others who are liable for the same harm is regarded as separate. Accordingly, *a judgment for or against one obligor does not result in merger or bar of the claim that the injured party may have against another obligor*.

Restatement (Second) of Judgments § 49 (emphasis added).

The liability of Mid State is also irrelevant to this action as the Defendants themselves argue "Ware and Bernheim have substantial defenses that are separate from and additional to Mid State's defenses . . . ." DE 14 at ¶ 5. If the Defendants have their own defenses separate and in addition to Mid State's defenses, they should pursue those defenses herein especially in light of the joint and several nature of their liability. *See* DE 14. The status of the case involving Mid State is irrelevant to the merits of this action against the Defendants and should not be stayed pending the outcome of that action. The Defendants want their cake and to eat it too. They want to stay the action and argue they reap the benefits of a judgment in Mid State's favor. However, if Travelers wins, they will argue they have their own defenses and the judgment against Mid State is not res judicata against them.

Additionally, it is questionable whether Mid State is even continuing to do business. On February 21, 2012, the principals of Mid State created another company, Mid State Construction of Mississippi, LLC. *See* Exhibit "1". Mid State's expert, and in-house estimator, Mr. Tony Head, testified that under the new company, he had bid several projects including bonded projects. *See* Exhibit "2" at 9:17 through 11:2. The Defendants have moved on with the new company, and Mid State's operation as a going concern is questionable. Maintaining the status quo severely prejudices Travelers in forcing it to continue using its own funds to pay the obligations of Mid State and U.S. Coating for their own business deal gone bad.

WHEREFORE, PREMISES CONSIDERED, Travelers requests that the Court deny the Plaintiff's Motion to Stay this civil action.

This, the 16th day of August, 2013.

Respectfully submitted,

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
By Its Attorneys,

JONES WALKER L.L.P.

By:   /s Bradford C. Ray
       Bradford C. Ray

Mark D. Herbert (MSB No. 2370)
Bradford C. Ray (MSB No. 101180)
JONES WALKER LLP
Post Office Box 427
Jackson, Mississippi 39205-0427
Telephone (601) 949-4820
Telecopy (601) 949-4804
mherbert@joneswalker.com
bray@joneswalker.com

## **CERTIFICATE OF SERVICE**

I, Bradford C. Ray, hereby certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to:

>E. Stephen Williams
>Bob Sanders
>Young Wells Williams Simmons, P.A.
>P.O. Box 23059
>Jackson, MS 39225
>steve.williams@youngwells.com
>rsanders@youngwells.com
>
>Mr. Earl Washington
>U.S. Coating Specialties & Supplies
>P.O. Box 11809
>Jackson, MS  39283-1809
>Earlwashington@uscoatingspecialties.com

This the 16th day of August, 2013.

>/s/ *Bradford C. Ray*
>BRADFORD C. RAY